# COURTROOM MINUTE SHEET

DATE     2-17-2023

CIVIL NO.     CIV-21-843     –F

James Mireles and Carmen Mireles, Husband and Wife -vs- Liberty Insurance Corporation

COMMENCED     1:30          ENDED     2:15          TOTAL TIME     45 min.

PROCEEDINGS          Hearing on motions to compel

JUDGE STEPHEN P. FRIOT          DEPUTY MARCIA SEALE          REPORTER TRACY THOMPSON

PLF COUNSEL     Ben Baker

DFT COUNSEL     Margo Shipley, William O'Connor

The court hears arguments of counsel.

Defendant Liberty Insurance Corporation's Motion to Compel (doc. no. 60) regarding Interrogatory No. 17 and Request for Production Numbers 28 and 29 is **DENIED**.  That interrogatory, and those requests, are, as propounded (and as Defendant seeks to enforce them), egregiously overbroad. The court declines to undertake the task of redrafting these items.  The undersigned has, on occasion, undertaken to prune overbroad discovery requests.   The court is under no obligation to do so.   Regan-Touhy v. Walgreen Co., 526 F.3d 641, 648-49 (10th Cir. 2008).  The court declines to do so in this instance because these items evince no semblance of application of professional judgment–which the court has every right to expect–as to what is and is not discoverable, in terms of proportionality or otherwise, in these highly sensitive financial matters.   Drafting an interrogatory or document request that is at least arguably within the outer bounds of discovery permitted by Rule 26 is the job of counsel, not the court.   "Counsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair."   Punt v. Kelly Servs., 862 F.3d 1040, 1047 (10th Cir. 2017).   Drafting and seeking to enforce egregiously overbroad requests cuts directly against the court's reasonable expectation that competent counsel, applying professional judgment in good faith, can usually avoid (or if necessary resolve) discovery disputes without court intervention.   In light of this determination, the court need not, and does not, address the relevance and other arguments advanced by Defendant as to these items.

With respect to Request for Production Numbers 25 and 26, the Motion is **DENIED** because, in reliance on Plaintiffs' counsel's announcement in open court, the court will receive no evidence at the trial of this case with respect to financial hardship experienced by Plaintiffs attributable to any aspect of the conduct of the Defendant.   The court **ORDERS** that there will be no reference at trial, in the presence of the jury, to the source of payment for the asphalt roof until the matter is first addressed outside the hearing of the jury.

Request for Production Number 23 is **GRANTED**.   Any inspection report must be produced by 5:00 p.m. on February 24, 2023.   In the absence of production of those materials, Defendant will be entitled to re-depose the Plaintiffs to inquire as to the reasons for any asserted non-existence of those materials.

The Motion is **GRANTED** with respect to Request for Production Number 27.  Proof of payment will be produced by 5:00 p.m. on February 24, 2023.


21-0843x003.docx