IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES MIRELES and CARMEN MIRELES, Husband and Wife, )<br>)<br>) | |
| Plaintiffs, ) | |
| ) | |
| -vs- ) | Case No. CIV-21-843-F |
| ) | |
| LIBERTY INSURANCE CORPORATION, )<br>)<br>) | |
| Defendant. ) | |

### ORDER

Before the court is Plaintiffs' Motion to Amend Interlocutory Ruling, filed on January 30, 2023 (doc. no. 66). Defendant has responded (doc. no. 79), and the time for any reply has expired. The matter is at issue.

Plaintiffs request the court, pursuant to Rule 54(b), Fed. R. Civ. P., to partially amend or alter its interlocutory order of January 20, 2023 (doc. no. 63) to the extent it granted summary judgment in defendant's favor on the issue of punitive damages.[1] Plaintiffs ask the court to reserve its ruling on that issue until after plaintiffs have presented their case-in-chief at trial.

The court deemed defendant's summary judgment motion confessed under LCvR7.1(g) on the issue of punitive damages because plaintiffs had not responded to the motion regarding that issue. Although the court deemed defendant's motion confessed, the court independently reviewed the record and concluded that summary

---

[1] Plaintiffs had sought punitive damages with respect to their breach of the implied duty of good faith and fair dealing claim (also known as a bad faith claim).

judgment was appropriate. Viewing the record in a light most favorable to plaintiffs and acknowledging the higher standard of clear and convincing evidence that plaintiffs must satisfy, the court concluded that there was not competent evidence upon which a reasonable jury could find reckless disregard, from which malice and evil intent by defendant may be inferred.[2]

Plaintiffs contend that while the court had discretion to confess defendant's motion under LCvR7.1(g), it nonetheless had to determine whether defendant's motion satisfied the initial burden of demonstrating the absence of a genuine issue of material fact. According to plaintiffs, that initial burden was not met. They also assert that defendant's motion was premised upon arguments that plaintiffs' bad faith claim, purportedly based on evidence of a failure to pay the appraisal umpire's award, must fail. Plaintiffs point out that the court found other evidence in the record from which a reasonable jury could find that defendant breached the implied duty of good faith and fair dealing. In addition, plaintiffs note that defendant "inaccurately articulated" the standard governing plaintiffs' request for punitive damages by suggesting that the evidence in the record had to show defendant's actions were "intentionally wrongful or reckless." Plaintiffs further point out that the case relied upon by the court in making its summary judgment determination, Badillo v. Mid Century Ins. Co., 121 P.3d 1080, 1106 (Okla. 2005), was not cited by defendant, and the punitive damages issue in that case had been decided at the directed verdict stage rather than the dispositive motion stage. Lastly, plaintiffs assert that the same evidence that the court held precluded summary judgment on the bad faith claim also demonstrated the existence of a genuine issue of material fact as to plaintiffs' request for punitive damages. Plaintiffs urge the court to follow one of its previous holdings

---

[2] "[F]or punitive damages to be allowed there must be evidence, at a minimum, of reckless disregard toward another's rights from which malice and evil intent may be inferred." Badillo v. Mid Century Ins. Co., 121 P.3d 1080, 1106 (Okla. 2005).

of allowing the punitive damages issue to proceed to trial, despite having serious doubts as to whether the issue of punitive damages would be submissible.

Defendant responds that motions to reconsider are generally disfavored and that plaintiffs have failed to satisfy the high bar for reconsideration. It points out that plaintiffs do not cite any new evidence or rely upon an intervening controlling law to support their motion. And it contends that plaintiffs have failed to show a need to correct clear error or prevent manifest injustice. According to defendant, plaintiffs simply disagree with the court's ruling and are raising new arguments, such as defendant's initial burden, which is not appropriate. Defendant contends that notwithstanding the "intentionally wrongful or reckless" statement, it did cite and rely upon Oklahoma's punitive damages statute, and it asserts that the court correctly relied upon the standard set forth in Badillo in adjudicating its motion. Defendant further points out that courts in this district have granted summary judgment on the issue of punitive damages. Finally, defendant contends that plaintiffs have waived the punitive damages issue by not addressing it in their summary judgment response.

Because the court has not entered a final judgment in this case, it remains free to reconsider its prior interlocutory order. Been v. O.K. Indus., 495 F.3d 1217, 1225 (10th Cir. 2007); see, Rule 54(b), Fed. R. Civ. P. ("[A]ny order . . ., however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). And it may revisit its prior interlocutory ruling without applying the three circumstances generally warranting a departure from the prior ruling: "(1) new and different evidence; (2) intervening controlling authority; or (3) a clearly erroneous prior decision which would work a manifest injustice." Rimbert v. Eli Lilly & Co., 647 F.3d 1247, 1251 (10th Cir. 2011).

3

The court has re-examined defendant's summary judgment motion. Doc. no. 33. The court finds that a reviewing court could conclude that defendant's motion with respect to the punitive damages issue was based upon defendant's arguments that there was "no basis for an award of contract or bad faith [actual] damages against [defendant]" and that plaintiffs' "allegation" that "[defendant] did not pay the amount of the [appraisal] umpire's award" did not support a bad faith claim. Doc. no. 33, ECF pp. 30-31. The court denied defendant's summary judgment motion on plaintiffs' bad faith claim, concluding that genuine issues of material fact existed as to whether defendant failed to adequately investigate plaintiffs' insurance claim and whether defendant failed to promptly pay an amount it agreed was owed under the insurance policy. With the court's ruling, the bad faith claim survives for trial, and there will a basis for an award of actual damages on the bad faith claim, if the jury decides in plaintiffs' favor on their claim.

While the court is skeptical that the issue of punitive damages will be submissible to the jury, the court concludes, based upon the interests of judicial economy and efficiency, that it should reserve its ruling on the issue of punitive damages until after plaintiffs have presented their case-in-chief. The court opines that defendant is not prejudiced by this ruling since defendant is aware of the evidence that plaintiff will be relying upon for its request for punitive damages, and defendant will have an opportunity to address that evidence at trial and argue against the submission of the issue to the jury. The court will not allow the admission of evidence, if any, regarding defendant's financial condition until after the necessary finding or findings required by Oklahoma's statute for entitlement to an award of punitive damages have been made. *See*, 23 O.S. § 9.1.

Accordingly, Plaintiffs' Motion to Amend Interlocutory Ruling (doc. no. 66) is **GRANTED**. The court's January 20, 2023 order (doc. no. 63) is amended to the extent it grants defendant's summary judgment motion on plaintiffs' request for

4

punitive damages with respect to their breach of the implied duty of good faith and fair dealing claim. The court will reserve its ruling on the issue of punitive damages until after plaintiffs have presented their case-in-chief at trial.

DATED this 9th day of March, 2023.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0843p018.docx